Brad D. Brian (State Bar No. 079001)
Brad.Brian@mto.com
Gregory J. Weingart (State Bar No. 157997)
Gregory.Weingart@mto.com
Luis Li (State Bar No. 156081)
Luis.Li@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Brendan V. Sullivan, Jr. (*pro hac vice*)
bsullivan@wc.com
Gregory B. Craig (*pro hac vice*)
gcraig@wc.com
Barry S. Simon (*pro hac vice*)
bsimon@wc.com
Kevin M. Downey (*pro hac vice*)
kdowney@wc.com
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5140
Facsimile: (202) 434-5029

James D. Riddet (State Bar No. 39826)
JRiddet@stokkeriddet.com
STOKKE & RIDDET
3 MacArthur Place, Suite 750
Santa Ana, CA 92707-5903
Telephone: (714) 662-2400
Facsimile: (714) 662-2444

Attorneys for Dr. Henry T. Nicholas, III

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Dr. Henry T. Nicholas III,<br><br>Defendant. | CASE NO. SA CR 08-00140<br><br>SA CR 08-00139<br><br>RESPONSE TO GOVERNMENT'S REPLY TO DEFENDANT'S NOTICE OF RELATED CASES |

On June 4, 2008, Dr. Henry T. Nicholas III, was charged by the grand jury in two separate indictments, SA CR 08-139, and SA CR 08-140. In SA CR 08-139, it is alleged that Dr. Nicholas committed various securities-related offenses in connection with the administration of Broadcom Corporation's stock options programs. In SA CR 08-140, it is alleged that Dr. Nicholas committed various drug-related offenses. On June 10, 2008, Dr. Nicholas filed a notice that the two cases are related under U.S. District Court, Central District of California General Order No. 08-05, § 11.1, because both indictments "involve one or more defendants in common, and would entail substantial duplication of labor in pretrial, trial, or sentencing proceedings if heard by different judges." U.S. Dist. Ct., Central Dist. of Calif. Gen. Order No. 08-05, § 11.1(b).

The Government has filed a Reply to Defendant's Notice of Related Cases ("Reply"), broadly asserting that because the two cases pending against Dr. Nicholas relate to different "factual underpinnings," Reply at 1, they are unrelated under General Order No. 08-05. The plain language of the General Order clearly demonstrates otherwise.

The General Order provides that cases are deemed related if <u>one of two</u> criteria is met. The first criterion, set forth in §11.1(a), states that cases are related if they "arise out of the same conspiracy, common scheme, transaction, series of transactions or events." This criterion covers the relatedness of the "factual underpinnings" that forms the basis of the Government's Reply. We agree with the Government that the factual dissimilarities of the two indictments (one alleging stock options offenses, and the other relating to drug offenses) likely means that this criterion is not met. Indeed, §11.1(a) was nowhere mentioned in Dr. Nicholas's Notice of Related Cases.

Instead, Dr. Nicholas's Notice was based on the second criterion by which cases are deemed related, set forth in §11.1(b) of the General Order. See Notice at 1. That criterion states that cases are related if they "involve one or more

defendants in common, and would entail substantial duplication of labor in pretrial, trial or sentencing proceedings if heard by different judges."[1] This portion of the Order addresses the interests of judicial economy and administrative efficiency, not the relatedness of the "factual underpinnings" that are at the heart of the Government's Reply. Indeed, the Government's Reply does not even mention, much less confront, these efficiency interests. It is unclear why. It is inescapable that a substantial duplication of efforts – in pre-trial proceedings and at sentencing (in the event that should ultimately become necessary) – would result if Dr. Nicholas's two cases proceeded before different judges.[2]

For the foregoing reasons, Dr. Nicholas asserts that the two cases pending against him are related cases under this Court's General Order No. 08-05. Dr. Nicholas filed a written request on June 11, 2008, for a hearing on this issue, if needed.

Respectfully Submitted,

DATED: June 12, 2008

WILLIAMS & CONNOLLY LLP

By: __/XXXXX/__
BRENDAN V. SULLIVAN, JR.
Attorneys for Defendant

---

[1] The quotation of this criterion contained in the Government's Reply contains what appears to be an inadvertent error. The Reply quotes §11.1(b) as requiring that the substantial duplication of labor result "in pretrial, trial **and** sentencing proceedings." Reply at 1 (emphasis added). The General Order actually requires only that a duplication of labor would result in **one** of those three stages of the proceedings – "in pretrial, trial **or** sentencing proceedings if heard by different judges." General Order §11.1(b) (emphasis added).

[2] One example of efficiencies realized from having the two cases before one Judge is apparent from the limited proceedings to date. The issues relating to detention, conditions of release, and bail are common to the two cases and efficiently proceeded before one Judge. The Government's Request for Detention, a single pleading that it captioned with both indictment numbers and filed in both cases, further confirms this conclusion.

RESPONSE TO GOVERNMENT'S REPLY TO DEFENDANT'S NOTICE OF RELATED CASES
- 3 -

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this 12th day of June, 2008, caused true and correct copies of the foregoing Response to Government's Reply to Defendant's Notice of Related Cases to be served by hand delivery upon:

**Kenneth Julian**

**Andrew Stolper**

Assistant United States Attorney

411 West Fourth Street, 8th Floor

Santa Ana , CA 92701-4599

DATED: June 12, 2008

By: _____
James D. Riddet

Attorney for Defendant