ORIGINAL

FILED

2008 NOV 3   AM 11: 56

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
SANTA ANA

BY ___

1  DAVIS WRIGHT TREMAINE LLP
   KELLI L. SAGER (State Bar No. 120162)
2    kellisager@dwt.com
   ALONZO WICKERS IV (State Bar No. 169454)
3    alonzowickers@dwt.com
   JEFF GLASSER (State Bar No. 252596)
4    jeffglasser@dwt.com
   865 South Figueroa Street, Suite 2400
5  Los Angeles, California 90017
   Telephone: (213) 633-6800
6  Fax: (213) 633-6899
7
   LOS ANGELES TIMES COMMUNICATIONS LLC
8  KARLENE W. GOLLER (State Bar No. 147065)
     karlene.goller@latimes.com
9  202 West First Street
   Los Angeles, California  90012
10 Telephone:  (213) 237-3760
   Fax:  (213) 237-3810
11
12 Attorneys for Non-Party Press Organization
   LOS ANGELES TIMES COMMUNICATIONS LLC
13
                                                      BY FAX
14            UNITED STATES DISTRICT COURT
15            CENTRAL DISTRICT OF CALIFORNIA
16
17 UNITED STATES OF AMERICA,          ) Case No. SA CR 08-00140 CJC
                                       )
18            Plaintiff,               ) **NON-PARTY PRESS**
                                       ) **ORGANIZATION LOS ANGELES**
19       vs.                           ) **TIMES COMMUNICATIONS LLC'S**
                                       ) **NOTICE OF MOTION AND**
20 HENRY T. NICHOLAS, III,             ) **MOTION TO INTERVENE AND TO**
                                       ) **UNSEAL COURT RECORDS;**
21            Defendant.               ) **MEMORANDUM OF POINTS AND**
                                       ) **AUTHORITIES; DECLARATION**
22                                     ) **OF JEFF GLASSER WITH**
                                       ) **EXHIBITS A-B**
23                                     )
                                       )
24                                     ) Date:       December 1, 2008
                                       ) Time:       9:00 a.m.
25                                     ) Courtroom:  9B
                                       )
26 ─────────────────────────────────
27
28

─────────────────────────────────────
MOTION TO INTERVENE AND UNSEAL COURT RECORDS
DWT 12022454v2 0050033-000653

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 1, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 9B of the above-entitled court, located at 411 West Fourth Street, Santa Ana, California 92701, non-party press organization Los Angeles Times Communications LLC ("The Times") will and hereby does move to intervene in this matter and to unseal eighteen documents in the Court's file. See Declaration of Jeff Glasser ¶ 2 and Ex. A (docket sheet reflecting sealed documents at entry numbers 67-73, 79-85, 88-91).

Under the First Amendment to the United States Constitution, judicial records ordinarily may not be sealed unless and until a court finds that secrecy serves a compelling interest; that there is a substantial probability that, absent sealing, the compelling interest will be harmed; and that there are no less restrictive alternatives to sealing. See, e.g., Oregonian Publ. Co. v. District Court, 920 F.2d 1462, 1466-1467 (9th Cir. 1990). The Times is informed and believes that the parties did not satisfy these rigorous constitutional prerequisites before these documents were sealed.

This Motion is based on this Notice; the attached Memorandum of Points and Authorities and Declaration of Jeff Glasser with Exhibits A-B; all pleadings, records and papers on file in this action; all matters of which judicial notice may be taken; and such argument as may be presented at the hearing of this Motion.[1]

---

[1] The press has standing to assert the public's – and its own – constitutional right of access to court records and proceedings. See, e.g., Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 609 n.25, 102 S. Ct. 2613, 73 L. Ed. 2d 248 (1982) ("representatives of the press and the general public must be given an opportunity to be heard on the question of their exclusion"). The Ninth Circuit has held that non-parties must be permitted to intervene for the purpose of challenging any restrictions on the First Amendment right of access. See Beckman Industries, Inc. v. Int'l Ins. Co., 966 F.2d 470, 473 (9th Cir. 1992). The Ninth Circuit also has recognized that non-parties challenging restrictions on public access need not file a formal complaint in intervention. See id. See also In re Associated Press, 162 F.3d 503, 508 (7th Cir. 1998) ("Associated Press II") (reversing district court and instructing that "the Press ought to have been able to intervene in order to present arguments against limitations on the constitutional or common law right of access").

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

MOTION TO INTERVENE AND UNSEAL COURT RECORDS
DWT 12022454v2 0050033-000653

1  For all of these reasons, The Times respectfully requests that the Court grant
2  this Motion and promptly unseal the records at issue.

3

4  DATED: November 3, 2008          DAVIS WRIGHT TREMAINE LLP
                                    KELLI L. SAGER
5                                   ALONZO WICKERS IV
                                    JEFF GLASSER
6
7                                   LOS ANGELES TIMES
                                    COMMUNICATIONS LLC
8                                   KARLENE W. GOLLER

9  By: _____
                                    Alonzo Wickers IV
10
                                    Attorneys for Non-Party Press Organization
11                                  LOS ANGELES TIMES
                                    COMMUNICATIONS LLC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO INTERVENE AND UNSEAL COURT RECORDS
DWT 12022454v2 0050033-000653

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

Page

1. SUMMARY OF ARGUMENT ..................................................................... 1

2. COURT RECORDS ARE PRESUMPTIVELY OPEN TO THE PUBLIC .......................................................................................................... 2

3. THE WIDESPREAD SEALING OF COURT RECORDS IN THIS CASE APPEARS TO VIOLATE THE FIRST AMENDMENT AND THE COMMON LAW ................................................................................... 5

4. CONCLUSION ......................................................................................... 7

i

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page

**Cases**

Associated Press v. District Court,
   705 F.2d 1143 (9th Cir. 1983) ("Associated Press I") .........................3, 4

CBS, Inc. v. District Court,
   765 F.2d 823 (9th Cir. 1985) ("CBS II").........................................3

Hagestad v. Tragesser,
   49 F.3d 1430 (9th Cir. 1994) ....................................................3

In re Copley Press,
   518 F.3d 1022 (9th Cir. 2008) ...................................................3

Nixon v. Warner Communications, Inc.,
   435 U.S. 589, 55 L. Ed. 2d 570, 98 S. Ct. 1306 (1978) ...........................2

Oregonian Publ. Co. v District Court,
   156 F.3d 1462 (9th Cir. 1990) ..........................................1, 3, 4, 5

Phoenix Newspapers v. Dist. Co.,
   156 F.3d 940 (9th Cir. 1998) .....................................................2

Press-Enterprise Co. v. Superior Court,
   464 U.S. 501, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984) ("Press-
   Enterprise I")...............................................................1, 2, 6

Press-Enterprise Co. v. Superior Court,
   478 U.S. 1, 106 S. Ct. 2735, 92 L. Ed. 2d 1 (1986) ("Press-Enterprise
   II")........................................................................2, 3

Richmond Newspapers, Inc. v. Virginia,
   448 U.S. 555, 100 S. Ct. 2814, 65 L. Ed. 2d 973 (1980) ....................2, 4, 6

Seattle Times v. District Court,
   845 F.2d 1513 (9th Cir. 1988) ....................................................4

State of California ex rel. Lockyer v. Safeway, Inc.,
   355 F. Supp. 2d 1111 (C.D. Cal. 2005).........................................1, 6

United States v. Brooklier,
   685 F.2d 1162 (9th Cir. 1982) ..............................................3, 4, 5

Waller v. Georgia,
   467 U.S. 39, 104 S. Ct. 2210, 81 L. Ed. 2d 31 (1984) .............................2

**Rules**

Federal Rule of Criminal Procedure 6(e) .............................................5

**Constitutional Provisions**

United States Constitution, First Amendment ...............................2, 3, 4, 5

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

MOTION TO INTERVENE AND UNSEAL COURT RECORDS
DWT 12022454v2 0050033-000653

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1.

## SUMMARY OF ARGUMENT

Magistrate Judge Nakazato recently observed that "virtually every document submitted for filing" in this case "since August 1, 2008" has been sealed.  09/29/08 Order (see Glasser Decl. ¶ 3 and Ex. B) at 3.  The docket confirms his observation; it reflects that at least eighteen documents – including several sealing orders – recently have been filed under seal.[2]

Such pervasive secrecy is difficult to reconcile with the public's presumptive constitutional right of access to the records and proceedings in this action.  That "presumption of access exists because citizens are entitled to observe, monitor, understand, and critique their courts – even in the most mundane of cases that excite no media interest – because what transpires in our courtrooms belongs to our citizens in a fundamental way."  State of California ex rel. Lockyer v. Safeway, Inc., 355 F. Supp. 2d 1111, 1125 (C.D. Cal. 2005).  As the United States Supreme Court has explained, this right of access "enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system." Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 504, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984) ("Press-Enterprise I").

To protect those interests, the Ninth Circuit has set forth a rigorous test that must be met to overcome the public's right of access.  Secrecy may be justified only where the court finds that an overriding interest supports sealing; that that interest would be prejudiced absent sealing; and that there are no less restrictive alternatives. Oregonian Publ. Co. v District Court, 156 F.3d 1462, 1466-1467 (9th Cir. 1990).

---

[2] See Glasser Decl. at ¶ 2 and Ex. A (docket sheet reflecting sealed documents at docket entries 67-73, 79-85, 88-91).

1  Because even this Court's sealing orders are sealed, the public cannot

2  meaningfully evaluate whether the parties and the Court have complied with those

3  constitutional requirements. But the sheer number of sealed documents suggests that

4  those requirements have not been followed here – an inference that is supported by

5  Magistrate Judge Nakazato's acknowledgment that a previous sealing application by

6  the government was granted "based upon the same or similar conclusory assertions"

7  as those that he deemed insufficient to warrant sealing the updated no-contact list.

8  See 09/29/08 Order at 2-3.

9  Under these circumstances, The Times respectfully requests that the Court

10  grant this Motion and unseal each document for which the parties cannot make the

11  showing required to overcome the public's presumptive right of access.

12  **2.**

13  **COURT RECORDS ARE PRESUMPTIVELY OPEN TO THE PUBLIC**

14  It is well established that criminal proceedings are presumptively public under

15  the First Amendment.[3]  See, e.g., Richmond Newspapers, Inc. v. Virginia, 448 U.S.

16  555, 580, 100 S. Ct. 2814, 65 L. Ed. 2d 973 (1980) (criminal trials); Press-Enterprise

17  I, 464 U.S. at 508 (voir dire); Waller v. Georgia, 467 U.S. 39, 47, 104 S. Ct. 2210, 81

18  L. Ed. 2d 31 (1984) (suppression hearing); Press-Enterprise Co. v. Superior Court,

19  478 U.S. 1, 12, 106 S. Ct. 2735, 92 L. Ed. 2d 1 (1986) ("Press-Enterprise II")

20  (preliminary hearings).

21  Relying on these authorities, the Ninth Circuit has made clear that the

22  constitutional right of access attaches to records filed in criminal proceedings.  In

23  Associated Press v. District Court, 705 F.2d 1143, 1145 (9th Cir. 1983) ("Associated

24  _____

25  [3] The public's common-law right of access to court records is independent of
   the First Amendment right of access.  Nixon v. Warner Communications, Inc., 435

26  U.S. 589, 597-598, 55 L. Ed. 2d 570, 98 S. Ct. 1306 (1978) ("[i]t is clear that the
   courts of this country recognize a general right to inspect and copy public records

27  and documents, including judicial records and documents").  The Ninth Circuit has
   reaffirmed "a strong presumption in favor of the common-law right to inspect and

28  copy judicial records."  Phoenix Newspapers v. Dist. Co., 156 F.3d 940, 946 (9th Cir.
   1998).

MOTION TO INTERVENE AND UNSEAL COURT RECORDS
DWT 12022454v2 0050033-000653

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Press I"), for example, the Ninth Circuit held that "the first amendment right of access to criminal proceedings applies, in general, to pretrial documents." Then-Judge Anthony Kennedy later reiterated that there is a broad constitutional "presumption that the public and the press have a right of access to criminal proceedings and the documents filed therein," which "extends to documents filed in pretrial proceedings as well as in the trial itself." CBS, Inc. v. District Court, 765 F.2d 823, 825 (9th Cir. 1985) ("CBS II") (emphasis added).[4]

To overcome the public's right of access to pretrial documents, a party must demonstrate that: "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." Oregonian Publ. Co., 920 F.2d at 1466-1467, citing Press-Enterprise II, 478 U.S. at 13-14. This is an onerous standard. The party asking the court to seal a record bears the burden of presenting facts supporting closure; conclusory assertions are insufficient. See id. See also 09/29/08 Order at 2.

Moreover, a court must meet two "procedural prerequisites" before sealing a record: (1) opponents of secrecy must be afforded a reasonable opportunity to state their objections; and (2) the court must make specific findings supporting closure. United States v. Brooklier, 685 F.2d 1162, 1167-1168 (9th Cir. 1982); see also Hagestad v. Tragesser, 49 F.3d 1430, 1435 (9th Cir. 1994) (reversing district court's sealing order and remanding because "the district court failed to articulate any reason in support of its sealing order," which made "meaningful appellate review … impossible"). The requirement that these findings be made "on the record"

---

[4] See also In re Copley Press, 518 F.3d 1022, 1026 (9th Cir. 2008) (recognizing broad presumption of access; explaining that when a court has not yet decided whether the First Amendment right of access extends to a certain type of pretrial record, the court must consider both "historical experience" and "logic" before determining whether the public may access the requested record, though "logic alone, even without experience, may be enough to establish the right").

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

underscores the significant constitutional issues presented where, as here, a court seals its sealing orders. See Brooklier, 685 F.2d at 1168. See also United States v. Antar, 38 F.3d 1348, 1359 (3d Cir. 1994) (stating that the court's determination to seal records and/or close proceedings "must be covered by specific, individualized findings articulated on the record before closure is effected") (emphasis in original).

Importantly, the Ninth Circuit has emphasized that the blanket sealing of a court document is presumptively unconstitutional, not only because it violates the procedural safeguards announced in Oregonian Publishing and Brooklier, but also because it "impermissibly reverse[s] the 'presumption of openness' that characterizes criminal proceedings 'under our system of justice.'" Associated Press I, 705 F.2d at 1147, quoting Richmond Newspapers, 448 U.S. at 573.

### 3.

## THE WIDESPREAD SEALING OF COURT RECORDS IN THIS CASE APPEARS TO VIOLATE THE FIRST AMENDMENT AND THE COMMON LAW

In denying the government's most recent attempt to seal the updated no-contacts list, Magistrate Judge Nakazato directed "that all future applications submitted to the Court for filing under seal by the Government must be accompanied by a showing of a compelling government interest." 09/29/08 Order at 3. Magistrate Judge Nakazato also acknowledged that he had granted earlier sealing requests that were not supported by a showing of a compelling need for secrecy. See id. But he declined to "revisit" those sealing orders, and stated that he did not have the authority to examine this Court's previous sealing orders. See id. By this motion, The Times specifically asks this Court to revisit its – and the magistrate judge's – previous sealing orders, which are subject to review at any time. See Seattle Times v. District Court, 845 F.2d 1513, 1519 n.4 (9th Cir. 1988).[5]

---

[5] While Magistrate Judge Nakazato properly denied the government's latest sealing motion, his order potentially blurs the relevant standard for sealing. In his

4
MOTION TO INTERVENE AND UNSEAL COURT RECORDS
DWT 12022454v2 0050033-000653

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

In his order, Magistrate Judge Nakazato affirmed that "[a]bsent a 'compelling government interest,' the public has a qualified First Amendment right and a common-law right, to access and inspect certain types of documents that are filed with the court." 09/29/08 Order at 1. He specifically identified eight sealed documents (id. at 3), and the docket suggests that as many as eighteen documents currently are under seal. Ex. A. Based on the docket, it appears that the records were sealed without a hearing, and it is unclear whether the Court made specific on-the-record findings as to the purported justification for sealing each document. Id. Instead, the docket merely reflects entries such as "SEALED DOCUMENT – ORDER granting Extension of Time and New Hearing Date" and "SEALED DOCUMENT re UNDER SEAL." See id. (docket entries 72, 82). Nothing in the file indicates that the parties attempted to meet their burden of demonstrating – for each sealed document – that secrecy serves a "compelling interest"; that a "substantial probability" exists that "the compelling interest would be harmed absent sealing"; and that there are "no less restrictive alternatives." See Oregonian Publ. Co., 920 F.2d at 1466-1467. Nor does the docket establish that the Court made the findings that are required to overcome the public's right of access. See United States v. Brooklier, 685 F.2d at 1167-1168. To the extent that the parties did not satisfy their burden and the Court did not make the required findings, these documents should be immediately unsealed.[6]

---

discussion of the purported basis for secrecy, the magistrate judge noted that "embarrassment alone will not constitute good cause" for sealing. 09/29/08 Order at 3. However, "good cause" is not the applicable standard for sealing, as the Ninth Circuit explained in Oregonian Publishing, 920 F.2d at 1466-1467.

[6] In addition to these eighteen sealed documents, two documents regarding defendant's motion to quash the grand jury subpoena to Hollis Hefner were filed under seal. See Ex. A (docket entries 74-75). Because these documents concern matters before the grand jury, The Times does not challenge their sealing. See Fed. R. Crim. Proc. 6(e). The Times is unaware of the asserted compelling interests, if any, that were offered to support the sealing of the other records. If the parties identify any such interests, The Times will address them in its Reply.

MOTION TO INTERVENE AND UNSEAL COURT RECORDS
DWT 12022454v2 0050033-000653

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**4.**

## CONCLUSION

As the United States Supreme Court emphasized in <u>Richmond Newspapers</u>, 448 U.S. at 572, "[p]eople in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." Access to court proceedings and documents, as the Court repeatedly has pointed out, "give[s] assurance that established procedures are being followed and that deviations will become known." <u>Press-Enterprise I</u>, 464 U.S. at 508. Another court in this district recently reaffirmed this principle, noting that "every citizen should be able to satisfy himself with his own eyes as to the mode in which a public duty is being performed." <u>Safeway</u>, 355 F. Supp. 2d at 1124-1125. Openness is especially important in this case, where a prominent chief executive of a large publicly-traded company is accused of conspiring to commit drug crimes.

The Times, therefore, respectfully requests that the Court grant this Motion and promptly unseal each document for which the constitutional standards for sealing have not been met.

DATED: November 3, 2008

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
ALONZO WICKERS IV
JEFF GLASSER

LOS ANGELES TIMES
COMMUNICATIONS LLC
KARLENE W. GOLLER

By: _____
         Alonzo Wickers IV

Attorneys for Non-Party Press Organization
LOS ANGELES TIMES
COMMUNICATIONS LLC

MOTION TO INTERVENE AND UNSEAL COURT RECORDS
DWT 12022454v2 0050033-000653

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# GLASSER DECLARATION

# DECLARATION OF JEFF GLASSER

I, Jeff Glasser, declare as follows:

1.     I am an attorney, licensed to practice before the courts of the State of California and the United States District Court for the Central District of California. I am an associate with Davis Wright Tremaine LLP, and am one of the attorneys representing Los Angeles Times Communications LLC ("The Times") in this matter. I have personal knowledge of the matters stated in this declaration and could competently testify to them if called as a witness.  I make this declaration in support of The Times' Motion To Intervene And To Unseal Court Records.

2.     Attached as Exhibit A is a true and correct copy of the criminal docket sheet for <u>United States v. Nicholas</u>, Case No. 8:08-CR-00140-CJC-1.  I downloaded a copy of the docket sheet from PACER.

3.     Attached as Exhibit B is a true and correct copy of Magistrate Judge Nakazato's September 29, 2008 Minute Order rejecting the government's application to file an updated no contact list under seal.

This declaration was executed in Los Angeles, California, on October 31, 2008.  I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

_Jeff Glasser_
Jeff Glasser

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT A

PASPRT, RELATED-G

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Southern Division - Santa Ana)
## CRIMINAL DOCKET FOR CASE #: 8:08-cr-00140-CJC-1

Case title: USA v. Nicholas                     Date Filed: 06/04/2008

Assigned to: Judge Cormac J. Carney

**Defendant (1)**

**Henry T Nicholas, III**              represented by **Barry S Simon**
Williams and Connolly LLP
725 Twelfth Street NW
Washington , DC 20005-5901
202-434-5000
Fax: 202-434-5029
Email: bsimon@wc.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Brendan V Sullivan , Jr**
Williams and Connolly LLP
725 Twelfth Street NW
Washington , DC 20005-5901
202-434-5000
Fax: 202-434-5029
Email: bsullivan@wc.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Gregory B Craig**
Williams and Connolly LLP
725 Twelfth Street NW
Washington , DC 20005-5901
202-434-5000
Fax: 202-434-5029
Email: gcraig@wc.com
*LEAD ATTORNEY*
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**James D Riddet**
Stokke and Riddet
3 MacArthur Place Suite 750
Santa Ana , CA 92707
714-662-2400
Fax: 714-662-2444
Email: jriddet@stokkeriddet.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Kevin M Downey**
Williams and Connolly
725 12th Street NW
Washington , DC 20005-5901
202-434-5460
Fax: 202-434-5029
Email: kdowney@wc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Lance A Wade**
Williams and Connolly LLP
725 Twelfth Street N W
Washington , DC 20005-5901
202-434-5755
Fax: 202-434-5029
Email: lwade@wc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Malachi B Jones**
Williams and Connolly LLP
725 Twelfth Street NW
Washington , DC 20005-5901
202-434-5000
Fax: 202-434-5029
Email: mbjones@wc.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Negar Tekeei**
Williams and Connolly LLP
725 Twelfth Street N W

Washington , DC 20005-5901
202-434-5709
Email: ntekeei@wc.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tobin J Romero**
Williams and Connolly
725 Twelfth Street NW
Washington , DC 20005-5901
202-434-5000
Email: tromero@wc.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**                          **Disposition**

21:846: CONSPIRACY TO
DISTRIBUTE AND POSSESS WITH
INTENT TO DISTRIBUTE
CONTROLLED SUBSTANCES AND
TO MAINTAIN PLACES FOR THE
PURPOSE OF DISTRIBUTING AND
USING CONTROLLED
SUBSTANCES
(1)

21:846: CONSPIRACY TO ACQUIRE
CONTROLLED SUBSTANCES BY
FRAUD AND DECEPTION
(2)

21:846(a)(1): MAINTAINING AND
USING A PLACE FOR THE
PURPOSE OF DISTRIBUTING AND
USING CONTROLLED
SUBSTANCES
(3-4)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                       **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                            **Disposition**
None

**Plaintiff**
USA                               represented by  **Andrew D Stolper**
                                                  AUSA - Office of US Attorney
                                                  Criminal Division
                                                  411 West 4th Street Suite 8000
                                                  Santa Ana , CA 92701-4599
                                                  714-338-3536
                                                  Fax: 714-338-3708
                                                  Email:
                                                  USACAC.SACriminal@usdoj.gov
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Kenneth B Julian**
                                                  AUSA - Office of US Attorney
                                                  411 W 4th St, Ste 8000
                                                  Santa Ana , CA 92701-4599
                                                  714-338-3500
                                                  Email:
                                                  USACAC.SACriminal@usdoj.gov
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/04/2008 | 1 | SEALED INDICTMENT filed as to Henry T Nicholas, III (1) count(s) 1, 2, 3-4. Offense occurred in Orange. (mt) (Entered: 06/05/2008) |
| 06/04/2008 | 2 | CASE SUMMARY filed by AUSA Kenneth B Julian as to Defendant Henry T Nicholas, III; defendants Year of Birth: 1959 (mt) (Entered: 06/05/2008) |
| 06/04/2008 | 3 | MEMORANDUM filed by Plaintiff USA as to Defendant Henry T Nicholas, III. This criminal action, being filed on 6/4/2008, was not pending in the U. S. Attorneys Office before the date on which Magistrate Judge Arthur Nakazato began receiving criminal matters. (mt) (Entered: 06/05/2008) |
| 06/04/2008 | 4 | MEMORANDUM filed by Plaintiff USA as to Defendant Henry T Nicholas, III. Re Magistrate Judge Jacqueline Chooljian, Magistrate Judge Patrick J. Walsh, Magistrate Judge Jennifer T. Lum, Magistrate Judge Jeffrey W. Johnson. (mt) (Entered: 06/05/2008) |
| 06/04/2008 | 5 | NOTICE TO COURT OF COMPLEX CASE filed by Plaintiff USA as to Defendant Henry T Nicholas, III. (mt) (Entered: 06/05/2008) |

| 06/04/2008 | 6 | EX PARTE APPLICATION for order sealing indictments and related documents; declaration of Andrew Stolper. Filed by Plaintiff USA as to Defendant Henry T Nicholas, III(mt) (Entered: 06/05/2008) |
|---|---|---|
| 06/04/2008 | 7 | ORDER by Magistrate Judge Arthur Nakazato as to Defendant Henry T Nicholas, III, granting EX PARTE APPLICATION sealing indictments and related documents 6 . (mt) (Entered: 06/05/2008) |
| 06/05/2008 | 8 | NOTICE OF REQUEST FOR DETENTION filed by Plaintiff USA as to Defendant Henry T Nicholas, III (mt) (Entered: 06/05/2008) |
| 06/05/2008 | 9 | REPORT COMMENCING CRIMINAL ACTION as to Defendant Henry T Nicholas, III; defendants Year of Birth: 1959; date of arrest: 6/5/2008 (mt) (Entered: 06/06/2008) |
| 06/05/2008 | 10 | AFFIDAVIT OF SURETIES (No Justification - Pursuant to Local Criminal Rule 46-5.2.8) in the amount of $ 150,000 by surety: Nicolaos Alexopoulos for Henry T. Nicholas III. Filed by Defendant Henry T Nicholas, III (dg) (Entered: 06/09/2008) |
| 06/05/2008 | 11 | MINUTES OF ARREST ON INDICTMENT HEARING held before Magistrate Judge Arthur Nakazato as to Defendant Henry T Nicholas, III. Defendant states true name as charged. Attorney: James D Riddet for Henry T Nicholas, III, Retd, present. Governments request for detention is: DENIED. Court orders bail set as: Henry T Nicholas III (1) $3,300,000 as itemized by the Court on the record (see attached copy of CR-1 bond form for conditions.) Post-Indictment Arraignment set for 6/16/2008 10:00 AM before Duty Magistrate Judge. Release Order No 31263. Court approves the pro hac vice applications submitted by attorneys Gregory B Craig, Brendan V Sullivan, Jr, and Barry S Simon. Defendants motion to set bond filed immediately before the hearing was considered and granted as indicated on the record. The bond applies to each of the defendants cases before the Court this date. Court Smart: CourtSmart. (mt) (Entered: 06/10/2008) |
| 06/05/2008 | 12 | NOTICE DIRECTING DEFENDANT TO APPEAR for Arraignment on Indictment/Information. Defendant Henry T Nicholas, III directed to appear on 6/16/2008 at 10:00 AM before the Duty Magistrate Judge. (mt) (Entered: 06/10/2008) |
| 06/05/2008 | 13 | MOTION AND MEMORANDUM in support of MOTION to Set Bond Filed by Defendant Henry T Nicholas, III (mt) (Entered: 06/10/2008) |
| 06/05/2008 | 14 | MEMORANDUM FOR RELEASE ORDER AUTHORIZATION filed by PSA Officer as to Defendant Henry T Nicholas, III. Submitted in compliance with conditions as set forth in the bond (mt) (Entered: 06/10/2008) |
| 06/05/2008 | 15 | APPLICATION OF NON-RESIDENT ATTORNEY Gregory B Craig to Appear Pro Hac Vice. Filed by Defendant Henry T Nicholas, III (mt) (Entered: 06/10/2008) |
| 06/05/2008 | 16 | ORDER by Magistrate Judge Arthur Nakazato as to Defendant Henry T Nicholas, III, granting APPLICATION OF NON-RESIDENT ATTORNEY Gregory B Craig to Appear Pro Hac Vice 15 . FEE PAID. (mt) (Entered: |

| | | 06/10/2008) |
|---|---|---|
| 06/05/2008 | 17 | APPLICATION OF NON-RESIDENT ATTORNEY Barry S Simon to Appear Pro Hac Vice Filed by Defendant Henry T Nicholas, III. (mt) (Entered: 06/10/2008) |
| 06/05/2008 | 18 | ORDER by Magistrate Judge Arthur Nakazato as to Defendant Henry T Nicholas, III, granting APPLICATION OF NON-RESIDENT ATTORNEY Barry S Simon to Appear Pro Hac Vice 17 . FEE PAID. (mt) (Entered: 06/10/2008) |
| 06/05/2008 | 19 | APPLICATION OF NON-RESIDENT ATTORNEY Brendan V Sullivan, Jr to Appear Pro Hac Vice. Filed by Defendant Henry T Nicholas, III (mt) (Entered: 06/10/2008) |
| 06/05/2008 | 20 | ORDER by Magistrate Judge Arthur Nakazato as to Defendant Henry T Nicholas, III, granting APPLICATION OF NON-RESIDENT ATTORNEY Brendan V Sullivan, Jr to Appear Pro Hac Vice 19 . FEE PAID. (mt) (Entered: 06/10/2008) |
| 06/05/2008 | 27 | AFFIDAVIT OF SURETIES (No Justification - Pursuant to Local Criminal Rule 46-5.2.8) in the amount of $ 50,000 by surety: Mark Forcinel for Defendant Henry T. Nicholas III. Filed by Defendant Henry T Nicholas, III (dg) (Entered: 06/10/2008) |
| 06/05/2008 | 28 | AFFIDAVIT OF SURETIES (No Justification - Pursuant to Local Criminal Rule 46-5.2.8) in the amount of $ 50,000 by surety: Lesa Davis for Defendant Henry T Nicholas III Filed by Defendant Henry T Nicholas, III (dg) (Entered: 06/10/2008) |
| 06/06/2008 | 21 | APPLICATION OF NON-RESIDENT ATTORNEY Kevin M Downey to Appear Pro Hac Vice. Filed by Defendant Henry T Nicholas, III (mt) (Entered: 06/10/2008) |
| 06/06/2008 | 22 | ORDER by Magistrate Judge Marc L. Goldman as to Defendant Henry T Nicholas, III, granting APPLICATION OF NON-RESIDENT ATTORNEY Kevin M Downey to Appear Pro Hac Vice 21 . FEE PAID. (mt) (Entered: 06/10/2008) |
| 06/06/2008 | 23 | APPLICATION OF NON-RESIDENT ATTORNEY Malachi B Jones to Appear Pro Hac Vice. Filed by Defendant Henry T Nicholas, III (mt) (Entered: 06/10/2008) |
| 06/06/2008 | 24 | ORDER by Magistrate Judge Marc L. Goldman as to Defendant Henry T Nicholas, III, granting APPLICATION OF NON-RESIDENT ATTORNEY Malachi B Jones to Appear Pro Hac Vice 23 . FEE PAID. (mt) (Entered: 06/10/2008) |
| 06/06/2008 | 25 | APPLICATION OF NON-RESIDENT ATTORNEY Tobin J Romero to Appear Pro Hac Vice. Filed by Defendant Henry T Nicholas, III (mt) (Entered: 06/10/2008) |
| 06/06/2008 | 26 | ORDER by Magistrate Judge Marc L. Goldman as to Defendant Henry T Nicholas, III, granting APPLICATION OF NON-RESIDENT ATTORNEY |

| | | Tobin J Romero to Appear Pro Hac Vice 25 . FEE PAID. (mt) (Entered: 06/10/2008) |
|---|---|---|
| 06/09/2008 | | FINANCIAL ENTRY as to Defendant Henry T Nicholas, III: Received $555.00 from Stoke & Riddet for payment of the Pro Hac Vice application fees for Brendan V. Sullivan, Jr., Gregory B. Craig and Barry S. Simon. (ek) (Entered: 06/09/2008) |
| 06/09/2008 | 29 | DECLARATION RE: PASSPORT filed by Defendant Henry T Nicholas, III (mt) (Entered: 06/10/2008) |
| 06/09/2008 | 30 | PASSPORT RECEIPT from U. S. Pretrial Services as to Defendant Henry T Nicholas, III. USA passport No: 421232540 was received on 6/5/2008. (mt) (Entered: 06/10/2008) |
| 06/10/2008 | 31 | NOTICE of Related Case(s) filed by Defendant Henry T Nicholas, III Related Case(s): 08-139 (Riddet, James) (Entered: 06/10/2008) |
| 06/10/2008 | | FINANCIAL ENTRY as to Defendant Henry T Nicholas, III: Received $555.00 from Stoke & Riddet. Re: APPLICATION OF NON-RESIDENT ATTORNEY Malachi B Jones to Appear Pro Hac Vice. FEE PAID. 23 , APPLICATION OF NON-RESIDENT ATTORNEY Tobin J Romero to Appear Pro Hac Vice. FEE PAID. 25 , APPLICATION OF NON-RESIDENT ATTORNEY Kevin M Downey to Appear Pro Hac Vice. FEE PAID. 21 (ek) (Entered: 06/10/2008) |
| 06/11/2008 | 32 | RESPONSE filed by Plaintiff USA as to Defendant Henry T Nicholas, III *Re: Nicholas's Notice of Related Cases* (Julian, Kenneth) (Entered: 06/11/2008) |
| 06/11/2008 | 33 | REQUEST for Hearing as to Notice of Related Case(s) 31 Filed by Defendant Henry T Nicholas, III (Riddet, James) (Entered: 06/11/2008) |
| 06/11/2008 | 37 | BOND AND CONDITIONS OF RELEASE filed as to Defendant Henry T Nicholas, III conditions of release: $3,300,000.00 Appearance Bond (see document for details) approved by Magistrate Judge Marc L. Goldman. (mt) (Entered: 06/13/2008) |
| 06/11/2008 | 39 | AFFIDAVIT OF SURETIES (Property) in the amount of $ 2,100,000.00 by surety: Marcella Martin Leach for Bond and Conditions (CR-1) 37 for property located at: 29139 Grayfox Street, Malibu CA 90265 ; Certified copy of Deed of Trust Instrument No. 20080995733 ; filed by Defendant Henry T Nicholas, III. Approved by Magistrate Judge Arthur Nakazato. (dg) (Entered: 06/16/2008) |
| 06/11/2008 | 40 | AFFIDAVIT OF SURETIES (Property) in the amount of $ 2,100,000.00 by surety: Robert Warnes Leach for Bond and Conditions (CR-1) 37 for property located at: 29139 Grayfox Street, Malibu CA 90265 ; Certified copy of Deed of Trust Instrument No. 20080995733 ; filed by Defendant Henry T Nicholas, III. Approved by Magistrate Judge Marc L. Goldman. (dg) (Entered: 06/16/2008) |
| 06/11/2008 | 41 | AFFIDAVIT OF SURETIES (Property) in the amount of $ 1,000,000.00 by surety: Laura M. Smith for Bond and Conditions (CR-1) 37 for property located at: 151 Avenida Patero De Oro, San Clemente CA 92672 ; Certified |

| | | copy of Deed of Trust Instrument No. 2008000270327 ; filed by Defendant Henry T Nicholas, III. Approved by Magistrate Judge Marc L. Goldman. (dg) (Entered: 06/16/2008) |
|---|---|---|
| 06/11/2008 | 42 | AFFIDAVIT OF SURETIES (Property) in the amount of $ 1,000,000.00 by surety: David B. Smith for Bond and Conditions (CR-1) 37 for property located at: 151 Avenida Patero De Oro, San Clemente CA 92672 ; Certified copy of Deed of Trust Instrument No. 2008000270327 ; filed by Defendant Henry T Nicholas, III. Approved by Magistrate Judge Marc L. Goldman. (dg) (Entered: 06/16/2008) |
| 06/11/2008 | 43 | AFFIDAVIT OF SURETIES (Property) in the amount of $ 100,000.00 by surety: Emily B. Davis for Bond and Conditions (CR-1) 37 for property located at: 923 E. Navajo, Hobbs NM 88240 ; Certified copy of Deed of Trust Instrument No. 56800 ; filed by Defendant Henry T Nicholas, III. Approved by Magistrate Judge Marc L. Goldman. (dg) (Entered: 06/16/2008) |
| 06/11/2008 | 44 | AFFIDAVIT OF SURETIES (Property) in the amount of $ 100,000.00 by surety: Jimmy R. Davis for Bond and Conditions (CR-1) 37 for property located at: 923 E. Navajo, Hobbs NM 88240 ; Certified copy of Deed of Trust Instrument No. 56800 ; filed by Defendant Henry T Nicholas, III. Approved by Magistrate Judge Marc L. Goldman. (dg) (Entered: 06/16/2008) |
| 06/12/2008 | 34 | NOTICE OF MOTION AND MOTION to Clarify Filed by Defendant Henry T Nicholas, III Motion set for hearing on 6/16/2008 at 01:30 PM before Magistrate Judge Arthur Nakazato. (Riddet, James) (Entered: 06/12/2008) |
| 06/12/2008 | 35 | RESPONSE to Notice of Related Case(s) 31 , Response (Non-Motion) 32 , REQUEST for Hearing as to Notice of Related Case(s) 31 33 ,filedby Defendant Henry T Nicholas, III (Riddet, James) (Entered: 06/12/2008) |
| 06/13/2008 | 36 | REPLY MOTION to Clarify 34 filed by Plaintiff USA as to Defendant HENRY T. NICHOLAS, III. (Stolper, Andrew) (Entered: 06/13/2008) |
| 06/13/2008 | 56 | SHORT FORM DEED OF TRUST filed by David B. Smith and Laura M. Smith naming the Clerk of Court as Beneficiary therein on the property located at 151 Avenida Patero De Oro, San Clemente CA 92672 on behalf of Defendant Henry T Nicholas, III. Re: Bond and Conditions (CR-1) 37 . (dg) (Entered: 07/01/2008) |
| 06/16/2008 | 38 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 07-02 - Related Case- filed. Related Case No: SACR 08-139 CJC. Case, as to Defendant Henry T Nicholas, III, transfered from Judge Judge David O. Carter to Judge Judge Cormac J. Carney for all further proceedings. The case number will now reflect the initials of the transferee Judge SACR 08-140 CJC.Signed by Judge Judge Cormac J. Carney (jal) (Entered: 06/16/2008) |
| 06/16/2008 | 45 | TRANSCRIPT filed as to Defendant Henry T Nicholas, III for proceedings held on 6/5/08 2:50 PM. Court Reporter/Electronic Court Recorder: Exceptional Reporting Services, Inc., phone number (361) 949-2988. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. |

| | | Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/7/2008. Redacted Transcript Deadline set for 7/17/2008. Release of Transcript Restriction set for 9/14/2008.(mo) (Entered: 06/16/2008) |
|---|---|---|
| 06/16/2008 | 46 | NOTICE OF FILING TRANSCRIPT filed as to Defendant Henry T Nicholas, III for proceedings 6/5/08 2:50 PM (mo) (Entered: 06/16/2008) |
| 06/16/2008 | 47 | MINUTES OF POST-INDICTMENT ARRAIGNMENT: held before Magistrate Judge Robert N. Block as to Henry T Nicholas III (1) Count 1,2,3-4. Defendant arraigned, states true name: as charged. Defendant entered not guilty plea to all counts as charged. Attorney: James Riddet, Retained present. Case assigned to Judge David O. Carter. Jury Trial set for 7/29/2008 08:30 AM before Judge David O. Carter. Status Conference set for 7/14/2008 01:30 PM before Judge David O. Carter. Defendant and counsel are ordered to appear. The Judges Order issued. Trial estimate: 16 days. Complex case. Court Smart: CourtSmart. (mt) (Entered: 06/17/2008) |
| 06/16/2008 | 48 | STATEMENT OF CONSTITUTIONAL RIGHTS filed by Defendant Henry T Nicholas, III (mt) (Entered: 06/17/2008) |
| 06/16/2008 | 49 | DESIGNATION AND APPEARANCE OF COUNSEL; filed by James D Riddet appearing for Henry T Nicholas, III (mt) (Entered: 06/17/2008) |
| 06/16/2008 | 50 | DESIGNATION AND APPEARANCE OF COUNSEL; filed by Barry S Simon, Brendan V Sullivan, Jr appearing for Henry T Nicholas, III (mt) (Entered: 06/17/2008) |
| 06/16/2008 | 51 | MINUTES OF Defendants Motion for Clarification of Conditions of Release 34 Hearing held before Magistrate Judge Arthur Nakazato as to Defendant Henry T Nicholas, III: Counsel for the defendant informs the Court that the parties have resolved the issues in the motion, and the defendant has signed a waiver that is accepted by Pretrial Services. No argument by counsel. Defendants request to remove the motion from the Courts calendar is granted. Court Smart: CourtSmart. (mt) (Entered: 06/17/2008) |
| 06/24/2008 | 52 | MINUTES OF IN CHAMBERS ORDER by Judge Judge Cormac J. Carney: Status Conference set for 7/1/2008 at 9:00 AM before Judge Cormac J. Carney. (mu) (Entered: 06/24/2008) |
| 06/24/2008 | 57 | SHORT FORM DEED OF TRUST filed by Jimmy R. Davis and Emily B. Davis naming the Clerk of Court as Beneficiary therein on the property located at 923 E. Navajo, Hobbs, NM 88240 on behalf of Defendant Henry T Nicholas, III. Re: Bond and Conditions (CR-1) 37 . (dg) (Entered: 07/01/2008) |
| 06/26/2008 | 53 | APPLICATION OF NON-RESIDENT ATTORNEY Lance A. Wade to Appear Pro Hac Vice. FEE NOT PAID. Filed by Defendant Henry T Nicholas, III (Attachments: # 1 Proposed Order)(Riddet, James) (Entered: 06/26/2008) |
| 06/26/2008 | 54 | APPLICATION OF NON-RESIDENT ATTORNEY Negar Tekeei to Appear Pro Hac Vice. FEE NOT PAID. Filed by Defendant Henry T Nicholas, III (Attachments: # 1 Proposed Order)(Riddet, James) (Entered: 06/26/2008) |
| 06/29/2008 | 55 | Government's Status Conference Statement Re: Trial Setting filed by Plaintiff |

| | | |
|---|---|---|
| | | USA as to Defendant Henry T Nicholas, III (Julian, Kenneth) (Entered: 06/29/2008) |
| 06/30/2008 | 58 | ORDER by Judge Cormac J. Carney as to Defendant Henry T Nicholas, III, GRANTING APPLICATION OF NON-RESIDENT ATTORNEY Negar Tekeei to Appear Pro Hac Vice. 54 (ade) (Entered: 07/02/2008) |
| 06/30/2008 | 59 | ORDER by Judge Cormac J. Carney as to Defendant Henry T Nicholas, III, GRANTING APPLICATION OF NON-RESIDENT ATTORNEY Lance A. Wade to Appear Pro Hac Vice. 53 . (ade) (Entered: 07/02/2008) |
| 07/01/2008 | | FINANCIAL ENTRY as to Defendant Henry T Nicholas, III: Received $185.00 the from Stokke & Riddet. Re: APPLICATION OF NON-RESIDENT ATTORNEY Lance A. Wade to Appear Pro Hac Vice. FEE PAID. 53 (rdj) (Entered: 07/01/2008) |
| 07/01/2008 | | FINANCIAL ENTRY as to Defendant Henry T Nicholas, III: Received $185.00 from Stokke & Riddet. Re: APPLICATION OF NON-RESIDENT ATTORNEY Negar Tekeei to Appear Pro Hac Vice. FEE PAID. 54 (rdj) (Entered: 07/01/2008) |
| 07/01/2008 | 60 | MINUTES OF Status Conference held before Judge Cormac J. Carney as to Defendant Henry T Nicholas, III. Jury Trial set for 11/10/2009 09:00 AM before Judge Cormac J. Carney. Governments counsel to prepare, serve and lodge proposed case management schedule. Court Reporter: Maria Dellaneve. (mt) (Entered: 07/08/2008) |
| 07/17/2008 | 61 | SHORT FORM DEED OF TRUST filed by Robert Warnes Leach and Marcella Martin Leach naming the Clerk of Court as Beneficiary therein on the property located at 29139 Grayfox Street Malibu CA 90265 on behalf of Defendant Henry T Nicholas, III. Re: Bond and Conditions (CR-1) 37 . (dg) (Entered: 07/18/2008) |
| 07/21/2008 | 62 | NOTICE of Manual Filing of Under seal filing filed by Plaintiff USA as to Defendant Henry T Nicholas, III (Julian, Kenneth) (Entered: 07/21/2008) |
| 07/22/2008 | 63 | MINUTES OF IN CHAMBERS ORDER REFERRING THE GOVERNMENT'S EX PARTE APPLICATION TO MAGISTRATE JUDGE NAKAZATO by Judge Judge Cormac J. Carney: The Court hereby refers the application to Magistrate Judge Arthur Nakazato for decision because the application concerns the conditions of release imposed by Judge Nakazato. (mu) (Entered: 07/22/2008) |
| 07/25/2008 | 64 | NOTICE of Manual Filing of Application for Filing Under Seal and [Proposed] Order filed by Defendant Henry T Nicholas, III (Riddet, James) (Entered: 07/25/2008) |
| 07/27/2008 | 65 | STIPULATION to Continue TRIAL AND SETTING CASE MANAGEMENT AND STATUS CONFERENCE DATES WITH TRIAL CONTINUED from JULY 29, 2008 to NOVEMBER 10, 2009 filed by Plaintiff USA as to Defendant Henry T Nicholas, III (Attachments: # 1 Proposed Order)(Julian, Kenneth) (Entered: 07/27/2008) |
| 08/01/2008 | 66 | FINDINGS AND ORDER by Judge Cormac J. Carney as to Defendant Henry |

| | | T Nicholas, III. re stipulation regarding case management, continuance of trial date, and excludable time periods under Speedy Trial Act. The time period of 7/1/08 to 11/10/09 is deemed excludable pursuant to 18:3161(h)(1)(D). Jury Trial continued to 11/10/2009 09:00 AM before Judge Cormac J. Carney. Status Conference set for 8/10/2009 01:30 PM before Judge Cormac J. Carney. (mt) (Entered: 08/04/2008) |
|---|---|---|
| 08/01/2008 | 67 | SEALED DOCUMENT re APPLICATION FOR FILING UNDER SEAL (ln) (Entered: 08/07/2008) |
| 08/01/2008 | 68 | SEALED DOCUMENT re ORDER for Filing Under Seal by Magistrate Judge Arthur Nakazato (ln) (Entered: 08/07/2008) |
| 08/01/2008 | 69 | SEALED DOCUMENT re RESPONSE (ln) (Entered: 08/07/2008) |
| 08/01/2008 | 70 | SEALED DOCUMENT re EXPARTE APPLICATION for Order Sealing Document (ln) (Entered: 08/07/2008) |
| 08/01/2008 | 71 | SEALED DOCUMENT re ORDER Sealing Document by Magistrate Judge Arthur Nakazato (ln) (Entered: 08/07/2008) |
| 08/01/2008 | 72 | SEALED DOCUMENT re UNDER SEAL (ln) (Entered: 08/07/2008) |
| 08/12/2008 | 73 | SEALED DOCUMENT RE: NOTICE OF MOTION (ade) (Entered: 08/14/2008) |
| 08/12/2008 | 74 | APPLICATION to Seal Document Filed by Defendant Henry T Nicholas, III Lodged order. (mt) (Entered: 08/15/2008) |
| 08/12/2008 | 75 | ORDER by Judge Cormac J. Carney as to Defendant Henry T Nicholas, III: granting APPLICATION to Seal Document 74 . (mt) (Entered: 08/15/2008) |
| 08/21/2008 | 76 | MINUTES OF IN CHAMBERS ORDER RE: NO CONTACT WITH JONATHAN SEGAL by Judge Judge Cormac J. Carney: Jonathan Segal, one of Judge Carney's law clerks for the 2008-2009 term, was a summer clerk at Irell & Manella in 2007. During that summer clerkship, Mr. Segal performed work in connection with Irell & Manella's representation of Broadcom. Judge Carney has prohibited Mr. Segal from working on any Broadcom-related matter as a law clerk, and has instructed his staff not to discuss these matters in any way with Mr. Segal. (See Attached 8/12/08 Memo.) The parties and their counsel are hereby ordered not to have any contact or communication with Mr. Segal with respect to this or any other Broadcom-related case. (mu) (Entered: 08/21/2008) |
| 08/29/2008 | 77 | NOTICE of Manual Filing of Under Seal Document filed by Plaintiff USA as to Defendant Henry T Nicholas, III (Joseph, Jeannie) (Entered: 08/29/2008) |
| 09/02/2008 | 83 | SEALED DOCUMENT - IN CAMERA AND UNDER SEAL DOCUMENT (smi) (Entered: 09/11/2008) |
| 09/02/2008 | 84 | SEALED DOCUMENT - ORDER **DOCUMENT SEALED** (smi) (Entered: 09/11/2008) |
| 09/02/2008 | 85 | SEALED DOCUMENT - IN CAMERA AND UNDER SEAL (smi) (Entered: 09/11/2008) |

| 09/08/2008 | 78 | NOTICE of Manual Filing of Application; [Proposed] Order to file under seal; Under Seal Motion filed by Defendant Henry T Nicholas, III (Riddet, James) (Entered: 09/08/2008) |
| 09/09/2008 | 79 | SEALED DOCUMENT - APPLICATION for filing under seal on behalf of Henry T Nicholas, III. (mt) (Entered: 09/10/2008) |
| 09/09/2008 | 80 | SEALED DOCUMENT - ORDER for filing under seal on behalf of Henry T Nicholas, III, **DOCUMENT SEALED** (mt) (Entered: 09/10/2008) |
| 09/09/2008 | 81 | SEALED DOCUMENT - UNOPPOSED MOTION for Extension of Time (mt) Modified on 9/19/2008 (ln). (Entered: 09/10/2008) |
| 09/09/2008 | 82 | SEALED DOCUMENT - ORDER granting Extension of Time and New Hearing Date **DOCUMENT SEALED** (mt) (Entered: 09/10/2008) |
| 09/09/2008 | 87 | ARREST WARRANT RETURNED Executed on 6/5/2008 as to Defendant Henry T Nicholas, III. (nca) (Entered: 09/15/2008) |
| 09/15/2008 | 86 | NOTICE of Manual Filing of Application and [Proposed] Oder for FIling Under Seal; Under Seal Motion filed by Defendant Henry T Nicholas, III (Riddet, James) (Entered: 09/15/2008) |
| 09/15/2008 | 88 | SEALED DOCUMENT - APPLICATION FOR FILING UNDER SEAL ON BEHALF OF HENRY T NICHOLAS III (smi) (Entered: 09/17/2008) |
| 09/15/2008 | 89 | SEALED DOCUMENT - ORDER FOR FILING UNDER SEAL ON BEHALF OF HENRY T NICHOLAS III **DOCUMENT SEALED** (smi) (Entered: 09/17/2008) |
| 09/15/2008 | 90 | SEALED DOCUMENT - REPLY OF HENRY T. NICHOLAS, III IN SUPPORT OF MOTION TO QUASH (smi) (Entered: 09/17/2008) |
| 09/18/2008 | 91 | SEALED DOCUMENT re ORDER by Judge Cormac J. Carney (mu) (smi). (Entered: 09/18/2008) |
| 09/19/2008 | 92 | MINUTES OF IN CHAMBERS ORDER by Judge Cormac J. Carney: The Court hereby Orders that its Order 91 dated 09/18/08 be placed Under Seal. (ln) (Entered: 09/19/2008) |
| 09/25/2008 | 93 | NOTICE of Manual Filing of UNDER SEAL DOCUMENTS filed by Plaintiff USA as to Defendant Henry T Nicholas, III (Joseph, Jeannie) (Entered: 09/25/2008) |
| 09/26/2008 | 94 | MINUTES OF IN CHAMBERS ORDER REFERRING GOVERNMENTS EX PARTE APPLICATION TO MAGISTRATE JUDGE NAKAZATO by Judge Cormac J. Carney: The Governments ex parte application to file an updated no contact list under seal is referred to Magistrate Judge Nakazato for review and decision since the application concerns Magistrate Judge Nakazatos prior order regarding the conditions of bail. (smi) (Entered: 09/26/2008) |
| 09/29/2008 | 96 | EX PARTE APPLICATION to File Governments Updated No Contact List Under Seal Filed by Plaintiff USA as to Defendant Henry T Nicholas, III(ln) (Entered: 09/30/2008) |

| 09/29/2008 | 97 | MINUTES OF IN CHAMBERS ORDER by Judge Magistrate Judge Arthur Nakazato: Governments EX PARTE APPLICATION to File Governments Updated No Contact List Under Seal 96 is DENIED. Clerk is directed to file the Application and updated no contact list for public review. (ln) (Entered: 09/30/2008) |
| --- | --- | --- |
| 09/29/2008 | 98 | GOVERNMENTS UPDATED NO CONTACT LIST filed by Plaintiff USA as to Defendant Henry T Nicholas, III (ln) (Entered: 09/30/2008) |
| 09/30/2008 | 95 | NOTICE of Manual Filing of Application for Filing Under Seal; [Proposed] Order; Under Seal Filing filed by Defendant Henry T Nicholas, III (Riddet, James) (Entered: 09/30/2008) |
| 10/01/2008 | 99 | APPLICATION for filing under seal on behalf of Henry T Nicholas, III Filed by Defendant Henry T Nicholas, III (mt) (Entered: 10/06/2008) |
| 10/01/2008 | 100 | DENIED ORDER by Magistrate Judge Arthur Nakazato as to Defendant Henry T Nicholas, III: denying APPLICATION for filing under seal on behalf of Henry T Nicholas,III 99 . (See 9/24/08 Order #97) (mt) (Entered: 10/06/2008) |
| 10/01/2008 | 101 | RESPONSE to government's EX PARTE APPLICATION for Order sealing Updated No Contact List 96 filed by Defendant Henry T Nicholas, III. (mt) (Entered: 10/06/2008) |

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

#### (In Chambers - No Appearances)

Case No.    SA CR 08-140 CJC                          Date    September 29, 2008

Present: The Honorable    Arthur Nakazato,  United States Magistrate Judge

Interpreter    None

| Melissa Cash | None | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Henry T. Nicholas, III | Not | | X | James D. Riddet | Not | | X |

**Proceedings:**   Government's ex parte application to file updated no contact list under seal ("Application") lodged September 25, 2008

**Rulings:**   The Application is DENIED (details discussed below).

**Discussion:**

Pursuant to Judge Carney's 09/26/08 Order (docket no. 94), the Magistrate Judge has reviewed the Government's Application seeking to file under seal its Application and the updated no contact list.

"The right to an open public trial is a shared right of the accused and the public, the common concern being the assurance of fairness." *Press-Enterprise Co. v. Superior Court of California for Riverside County*, 478 U.S. 1, 7, 106 S. Ct. 2735, 92 L.Ed.2d 1 (1986). Further, "[i]f the public has a right to attend the hearings, it necessarily follows that it is entitled to read the transcript of those parts of the proceeding that were public. *In Re Copley Press, Inc.*, 518 F.3d 1022, 1026 (9th Cir. 2008)(citing *Press-Enterprise*, 478 U.S. at 12-13). Based upon this precept, federal courts have historically recognized the public's "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). However, as the Ninth Circuit recently emphasized in *Copley*, "this right is not absolute and does not apply to documents that have traditionally been kept secret for important policy reasons." *Copley*, 518 F.3d at 1029 (citing *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)). Absent a "compelling government interest," the public has a qualified First Amendment right, and a common-law right, to access and inspect certain types of documents that are filed with the court. *Id.* at 1026.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

After reviewing the Application, the Magistrate Judge finds it does not set forth a compelling government interest for sealing either the Application or the updated no contact list for the following reasons.

First, the updated no contact list simply identifies the names of potential witnesses the Government does not want Defendant to contact in accordance with one of the conditions of his pretrial release imposed by this Magistrate Judge that requires Defendant to avoid all contact with certain identified witnesses. The Government is generally required to identify the name of a potential witness or person the Government wants a defendant to avoid during the defendant's bail hearing in open court so the Court can expressly (and obviously) notify a defendant of the person or persons that the defendant must avoid as a condition of his or her pretrial release. When Defendant's bail hearing took place on June 5, 2008, the Government did not have the names of potential witnesses that it wanted Defendant to avoid because the Government had moved to detain Defendant and indicated it needed time to identify persons it felt Defendant should not contact. (See 06/05/08 Request for Detention (docket no. 8).) In an effort to accommodate the Government's request to impose a "no contact" condition of release, the Magistrate Judge ordered the Government to identify the witnesses in a no contact list that was to be filed with the Court and served upon Defendant's counsel at a later date.

Second, the Application is entirely based upon the Government's counsel factually unsupported, conclusory opinion that the "disclosure of potential government witnesses could result in pressure being put on them not to speak to investigators or otherwise cooperate with the government, as defendant previously threatened witnesses for cooperating with the government." (Application, Counsel's Declaration, ¶3.) However, during the Defendant's extensive bail hearing on June 5, 2008, the Magistrate Judge expressly rejected the Government's argument that Defendant was a danger to the community, and should be detained until his trial, based upon the Government's proffer that Defendant had once threatened an unidentified business associate sometime in the mid to late 1990s and then, nearly a decade later, Defendant allegedly punched one of his lawyers during a plane trip. During the hearing, the Magistrate Judge also indicated the latter person's purported accusation may not be credible to the extent the Government disclosed it had recently indicted this individual for engaging in fraudulent activity. Regardless, the pending Application does not set forth any specific facts that show the disclosure of the names of the listed witnesses would interfere with the pending proceedings or chill a listed witness from cooperating with the Government, interfere with an ongoing criminal investigation, or would endanger the safety of any of the listed witnesses. The Government's Application is also devoid of any facts that show Defendant has violated a single one of the many conditions of release that were imposed upon him since his pretrial release nearly four months ago. Further, the Court has also not received any notification from Pretrial Services that shows or suggests Defendant has been less than fully compliant with the terms of his pretrial release.

The Magistrate Judge recognizes that he previously granted the Government's prior application to seal the original no contact list, and that he did so based upon the same or similar conclusory assertions.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

Further, the record in this case shows that, since August 1, 2008, the Court has granted the parties' requests to seal eight other documents -- virtually every document submitted for filing. (*See* **(1)** 08/01/08 Sealing Order (AN) (docket no. 68); **(2)** 08/01/08 Sealing Order (AN) (docket no. 71); **(3)** 8/12/08 Sealing Order (CJC) (docket no. 75); **(4)** 9/9/08 Sealing Order (CJC) (docket no. 80); **(5)** 9/9/08 Sealing Order (CJC) (docket no. 82); **(6)** 9/2/08 Sealing Order (CJC) (docket no. 84); **(7)** 9/15/08 Sealing Order (CJC) (docket no. 89); and **(8)** 9/18/08 Sealing Order (CJC) (docket no. 91).) The Magistrate Judge does not intend to revisit the prior applications and the sealing orders that he issued to determine whether or not the applications established a compelling government interest for sealing the documents. And obviously the Magistrate Judge will not review applications relating to the sealing orders issued by Judge Carney since Article I magistrate judges do not have jurisdiction to review orders issued by Article III judges. *See In re Wilson*, 153 F. Supp. 2d 1013 (E.D. Ark. 2001) (holding magistrate judge did not have Constitutional or statutory authority to overrule the district court's general orders and local rules issued by the court's Article III judges.) On the other hand, it is ordered that all future applications submitted to the Court for filing under seal by the Government must be accompanied by a showing of a compelling government interest. Likewise, any future applications submitted for filing by Defendant must make a comparable showing of a compelling interest to seal a document. In this regard, embarrassment alone will not constitute good cause.

Based upon the foregoing, the Application is denied. The Clerk is directed to file the Application and updated no contact list for public review.

IT IS SO ORDERED.

cc:    JUDGE CARNEY
       All Parties                               Initials of Deputy Clerk mc

### PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On November 3, 2008, I served the foregoing document(s) described as: **NON-PARTY PRESS ORGANIZATION LOS ANGELES TIMES COMMUNICATIONS LLC'S NOTICE OF MOTION AND MOTION TO INTERVENE AND TO UNSEAL COURT RECORDS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JEFF GLASSER WITH EXHIBITS A-B** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

### SEE ATTACHED SERVICE LIST

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on November 3, 2008, at Los Angeles, California.

☐   State        I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☑   Federal      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| | |
|---|---|
| CAROLINA SOLANO | *Carolina Solano* |
| Print Name | Signature |

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 | __Attorneys for Henry T Nicholas, III__    __Attorneys for U.S.A. (Plaintiff)__
2 | __(Defendant)__

__Kenneth B Julian__
3 | __Gregory B Craig, Esq.__    AUSA - Office of US Attorney
4 | __Kevin M Downey, Esq.__    411 W 4th St, Ste 8000
   | __Malachi B Jones, Esq.__    Santa Ana, CA 92701-4599
5 | __Tobin J Romero, Esq.__    714-338-3500
6 | __Barry S Simon, Esq.__    USACAC.SACriminal@usdoj.gov
   | __Brendan V Sullivan, Jr, Esq.__
7 | __Negar Tekeei, Esq.__    __Andrew D Stolper__
8 | __Lance A Wade, Esq.__    AUSA - Office of US Attorney
   | Williams and Connolly LLP    Criminal Division
9 | 725 Twelfth Street NW    411 West 4th Street Suite 8000
10 | Washington, DC 20005-5901    Santa Ana, CA 92701-4599
   | 202-434-5000    714-338-3536
11 | 202-434-5029 (fax)    714-338-3708 (fax)
12 |    USACAC.SACriminal@usdoj.gov
   | __James D Riddet, Esq.__
13 | Stokke and Riddet
14 | 3 MacArthur Place Suite 750
   | Santa Ana, CA 92707
15 | 714-662-2400
16 | 714-662-2444 (fax)
   | jriddet@stokkeriddet.com
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |